**WO**                                                                                                    SC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Gonzalez, | No. CV 07-1633-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Lori Giedraitis, et al., | |
| Defendants. | |

Plaintiff Daniel Gonzalez, who is confined in the Arizona State Prison Complex, Echo Unit, in Tucson, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and paid the $350.00 filing fee. (Doc.# 1.)[1] The Court will dismiss the Complaint and this action, without prejudice, pursuant to Heck v. Humphrey, 512 U.S. 477, 489 (1994).

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)

---

[1] "Doc.#" refers to the docket number of filings in this case.

1  (*en banc*). Because the Court concludes that Plaintiff's claims have not yet accrued, this action will be dismissed without prejudice.

## II.  Complaint

Plaintiff alleges five counts for alleged violations of his Fourth, Sixth, Eighth and Fourteenth Amendment rights. He sues Amy Vaughn, a Denny's Restaurant employee; Phoenix Police Officers Lori Giedraitis, Sergeant Lain Caldwell, Chris Normandin, Derald Rine, Michael Chase, William Campbell, Criminalist Janet Anderson, Will Arnold, Mike Campbell, Elizabeth Ciato, John Musselman, Jonathon Noble, Anil Solanky, Mark Stoltman, and Gayle Swanson; and Maricopa County Deputy Attorney S. Rene McGregor. Plaintiff seeks compensatory and punitive damages.

Plaintiff alleges the following facts: The night of December 2, 2004, Plaintiff was sitting in his parked car in a Phoenix Denny's Restaurant parking lot talking on his cell phone. (Doc.# 1 at 3.) The windows of Plaintiff's car, which had dark tinting, were closed. (Id.) Vaughn notified Phoenix police that Plaintiff was passed out in his car.[2] (Id.) Plaintiff contends that he was talking on his cell phone when someone, who turned out to be Phoenix Police Officer Giedraitis, attempted to open his car door. (Id.) Plaintiff contends that Giedraitis could not see into his car and he implies that he could not see who was trying to open his door due to the tinting and darkness. (Id. at 3E.) Plaintiff, who suffers from panic attacks, panicked and drove out of the parking lot fearing an attack of some kind against him. Plaintiff contends that Officer Rine, and other officers, falsely claimed that Plaintiff assaulted Rine by attempting to run Rine down with his car; Plaintiff contends that he was blinded by floodlights and that he was an "automaton" due to his fear of the officers. (See, e.g., id. at 3C.) Plaintiff was stopped and physically subdued resulting in abrasions and bruises to him. Plaintiff was arrested and transported to the police station where he asked for counsel and invoked his right to remain silent, but officers continued to question him about taking a

---

[2] Plaintiff contends Vaughn could not have seen into his car at night with the tinting and that she therefore lied or made a false report. (Doc.# 1 at 3E.)

1    breath test. (Doc.# 1 at 5A.) He contends that he only consented to take a breath test after
2    Giedraitis "threatened" to obtain a warrant if he refused. (Id. at 5A, 5B.)

3          Plaintiff was criminally charged and he retained private counsel, James Simpson, to
4    represent him. (See id. at 5B.) Plaintiff was convicted after entering a plea of no contest of
5    two counts of aggravated driving while intoxicated, aggravated assault and aggravated
6    driving under the influence.[3] He was sentenced to seven years incarceration and two years
7    probation sometime prior to June 10, 2005, when he was admitted to the Arizona Department
8    of Corrections.[4]

9          Plaintiff contends that several Defendants falsified evidence regarding his actions the
10   night of December 2, 2004, as well as collusion between Vaughn and Giedraitis and
11   entrapment. (Id. at 3G, 3H, 5D, 5E.) Plaintiff also alleges that his arrest was arbitrary and
12   capricious in violation of his Fourteenth Amendment rights. (Id. at 5C.) He alleges his Fifth
13   Amendment rights were violated by continued questioning after he invoked his right to
14   counsel and to remain silent. (Id. at 5A, 5B.) He further alleges that the assault when he was
15   arrested and his sentence constitute cruel and unusual punishment under the Eighth
16   Amendment. (Id. at 5.) Plaintiff alleges that Simpson rendered ineffective assistance to him,
17   and that his no contest plea was coerced, in violation of his Sixth Amendment rights. (Id. at
18   4, 5B.)

19   **III.   Heck v. Humphrey Bar**

20         Plaintiff filed this action using the court-approved form to seek relief for violations
21   of his constitutional rights by officials acting under color of state law pursuant to 42 U.S.C.
22   § 1983. In his Complaint, Plaintiff seeks damages and/or reduction of his sentence based on
23   violations of his constitutional rights in connection with his arrest and conviction. Assuming
24   the facts alleged by Plaintiff against each of the Defendants rises to the level of a

---

[3] See http://test.azcorrections.gov/isearch/inmate_datasearch/results.aspx?
InmateNumber=163943&LastName=GONZALEZ&FNMI=D&SearchType=SearchInet.

[4] See n.3, supra.

- 3 -

1 constitutional violation, any right to damages, or other relief, under § 1983 on his claims has
2 not yet accrued.

3      A civil rights claim brought pursuant to § 1983 that, if successful, would necessarily
4 undermine the validity of a conviction or the duration of a sentence may not be brought
5 before the prisoner has obtained a "favorable termination" of the underlying conviction; a
6 prisoner's *sole* federal remedy to challenge the validity or duration of his confinement is a
7 petition for a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Docken
8 v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004). That is, a civil rights claim under § 1983
9 *does not accrue* unless or until the prisoner has obtained a "favorable termination" of the
10 underlying conviction, parole or disciplinary action. See Heck v. Humphrey, 512 U.S. 477,
11 489 (1994); Docken, 393 F.3d at 1031. Under the "favorable termination" rule:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by action whose unlawfulness would render a conviction of sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . .

16 Heck, 512 U.S. at 486-87. Without such a showing of a "favorable termination," a person's
17 cause of action under § 1983 has not yet accrued. Id. at 489. The "favorable termination"
18 rule extends to prisoner challenges to state disciplinary and parole procedures for damages
19 where success thereon would "necessarily demonstrate the invalidity of confinement or its
20 duration." Osborne v. District Attorney's Office for 3d Jud. Dist., 423 F.3d 1050, 1053 (9th
21 Cir. 2005) (citing Wilkinson v. Dotson, 544 U.S. 74 (2005)); see Edwards v. Balisok, 520
22 U.S. 641, 646 (1997) (calculation of good time credits); Butterfield v. Bail, 120 F.3d 1023
23 (9th Cir. 1997) (parole revocation proceedings). Thus, success on any claim for damages
24 pursuant to § 1983 that would necessarily imply the invalidity of confinement, or its duration,
25 does not accrue "and may not be brought" unless and until the underlying conviction,
26 sentence or parole decision is reversed. Only then may a plaintiff properly seek damages
27 pursuant to 42 U.S.C. § 1983.

1  In each of his counts, Plaintiff asserts that the Defendants violated his constitutional
2 rights in connection with his arrest and/or conviction.  Assuming each of these allegations
3 rises to the level of a constitutional violation–the only basis for this Court's subject matter
4 jurisdiction in this case–success on those claims in this action would necessarily undermine
5 the validity of Plaintiff's conviction and/or the duration of his sentence.  For that reason,
6 Plaintiff must obtain a "favorable termination" of the underlying conviction and/or sentence
7 before he may seek relief pursuant to § 1983 on his claims.  Because Plaintiff has not yet
8 done so, this action will be dismissed without prejudice.

**IT IS ORDERED:**

(1)   Plaintiff's Complaint and this action are **dismissed** without prejudice.

(2)   The Clerk of Court must enter judgment accordingly.

DATED this 17th day of October, 2007.

_____
Mary H. Murgula
United States District Judge